IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAMONA DANIELS, | § § | |
| Plaintiff, | § | CIVIL NO. 4:16-CV-2473 |
| v. | § § | |
| UNIVERSITY OF TEXAS | § § | |
| MD ANDERSON CANCER CENTER | § | JURY TRIAL DEMANDED |
| Defendant. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE:

COMES NOW Plaintiff, RAMONA DANIELS, filing this her Original Complaint complaining of UNIVERSITY OF TEXAS MD ANDERSON CANCER CENTER. (hereinafter "Defendant" or "MD Anderson") and in support thereof would show as follows:

### I.
### JURISDICTION, PARTIES AND VENUE

1. This Court has jurisdiction over the causes of action asserted by Plaintiff pursuant to Title VII of the Civil Rights Act of 1964, as amended.

2. Plaintiff is an individual who resides in Harris County, Texas. Plaintiff, African-American, is a member of a group protected by Title VII and was at all relevant times an employee within the meaning of the applicable statutes.

3. Defendant MD Anderson is an employer that regularly conducts business in Texas and employs more than 21,000 regular employees. It is a research, education prevention and patient care facility.

1

4. Jurisdiction and venue is proper within this district court pursuant to 28 U.S. Code § 1391 (b) (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; and (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the events or omissions giving rise to the claim herein wholly or partly arose in the Southern District of Texas, Houston Division.

## II.
## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Plaintiff received authorization to bring this lawsuit on May 12, 2016. Exhibit "A", incorporated herein by reference. Plaintiff has exhausted her administrative remedies and files this suit within the statutory limitations period.

6. Plaintiff filed Charges of Discrimination with the Texas Workforce Commission on or about June 11, 2015. In said Charge, Plaintiff asserted that she was discriminated and retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended. See Exhibit B.

## III.
## FACTUAL BACKGROUND

7. Plaintiff was employed by Defendant as a Patient Service Coordinator in the Lymphoma/Myeloma Center from October 29, 2012 through the date of her wrongful termination effective May 4, 2015.

8. Plaintiff was treated differently than non-Black similarly situated individuals who have purportedly violated the Defendant's attendance policy when she was fired for allegedly violating the policy.

9. She was also treated more harshly than non-Black similarly situated individuals when Defendant denied her a fair investigation of the purported attendance violations.

2

10. She was also treated more harshly than non-Black similarly situated individuals when Defendant denied her progressive discipline where her personnel file was devoid of prior disciplinary action.

11. The Plaintiff filed a complaint in reference to these instances alleging she felt her race was a factor in the harsh treatment she was received.  She was fired within days of the complaint.

12. The Plaintiff was terminated by the Defendant in direct retaliation for exercising her rights to seek company intervention when she reported the discrimination of her immediate supervisor.

13. Prior to her complaint, Plaintiff's job performance was satisfactory and no cause existed for her discharge.

14. As a direct and proximate result of Defendant's wrongful termination of the Plaintiff's employment, she has suffered loss of wages and benefits and other pecuniary losses.

15. The Defendant's illegal actions have also caused the Plaintiff to suffer pain, embarrassment, humiliation, anxiety and emotional distress.

16. At all times material hereto, Defendant acted or failed to act through its authorized agents, servants, workmen and employees who were at all times then and there acting within the course and scope of their authority and employment.   Defendant is strictly liable for the acts and failures to act of its supervisory personnel.

## V.   CLAIMS FOR RELIEF

### A.  FIRST CLAIM FOR RELIEF
*Violation of 42 U.S.C. 1981 – Intentional Discrimination*

17. Plaintiff repeats and re-alleges the allegations contained in the foregoing paragraphs 1 through 16.

18. The Defendant has maintained a system for making employment, disciplinary and discharge decisions that are excessively subjective and through which Defendant discriminated against Plaintiff, denying her the same opportunities for employment benefits, upward mobility and compensations afforded to similarly situated non-black employees.

19. The Defendant's discriminatory practices described above have denied Plaintiff employment opportunities and compensations to which she was entitled, which has resulted in emotional distress and other harm for which she is entitled to compensation.

20. Defendant has undertaken these discriminatory practices willfully or with reckless disregard for the rights of Plaintiff. Such rights are protected under 42 U.S.C. § 1981.

21. These employment practices violated 42 U.S.C. § 1981.

## B. SECOND CLAIM FOR RELIEF
*Violation of Title VII – Race and Color Discrimination*

22. Plaintiff repeats and re-alleges by reference each and every allegation contained in paragraphs 1 through 21 and incorporate the same herein as though fully set forth.

23. Defendant, through its agents, supervisors, or employees, engaged in a pattern and practice of unlawful discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended.

24. The above-described racially disparate treatment created an intimidating, oppressive, hostile and offensive work environment, which interfered with Plaintiff's emotional and physical wellbeing.

25. Defendant violated Title VII by failing to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act of its managers and agents as described above.

26. As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against Plaintiff through its agents, supervisors, or employees, Plaintiff has suffered adverse employment actions and decisions.

27. As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against Plaintiff through its agents, supervisors, or employees, Plaintiff has suffered and will continue pain and suffering, mental anguish and emotional distress; and Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.  Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

28. As a further direct and proximate result of Defendant's violation of Title VII, as heretofore described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendant, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff, who therefore will seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained.  Plaintiff requests that attorney's fees be awarded pursuant to Title VII.

### C.  THIRD CLAIM FOR RELIEF
*Retaliation*

29. Plaintiff repeats and re-alleges the allegations contained in the foregoing paragraphs 1 through 28.

30. Plaintiff opposed unlawful employment practices by informing Defendant's managers that there were problems with unequal treatment of Plaintiff and complained internally. Such activities are protected under § 704(a) of the Civil Rights Act of 1964, § 703 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-2 and 2000e-3.

31. Following such actions, Plaintiff was fired. These actions constitute retaliation in violation of 42 U.S.C. § 1981 and § 704(a) of the Civil Rights Act of 1964, § 703 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-2 and 2000e-3.

32. The Defendant's discriminatory practices described above have caused harm to Plaintiff, including emotional distress and loss of wages.

33. Accordingly, the Defendant violated the Plaintiff's rights protected under 42 U.S.C. § 1981 and § 704(a) of the Civil Rights Act of 1964, § 703 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-2 and 2000e-3.

## V.
## JURY DEMAND

34. Plaintiff requests that this action be heard before a jury.

## VI.
## DAMAGES

35. Defendant's conduct constitutes violations of statutory law. That unlawful conduct seriously affected Plaintiff in her occupation, trade and business. Because of Defendant's unlawful conduct, Plaintiff has suffered, suffers, and will suffer in the future humiliation, mental anxiety and stress, and other damages. Accordingly, Plaintiff seeks all general, special, incidental and consequential damages all in an amount to be proved at trial.

36. Because of Defendant's unlawful conduct, it has been necessary for Plaintiff to retain the undersigned attorneys to represent her. Plaintiff has agreed to pay the attorney's reasonable attorney's fees for the preparation and trial of the causes, and further for any appeal thereof should it become necessary.

37. Additionally, Plaintiff has suffered out-of-pocket expenses, which include litigation costs, and other expenses to preserve her ability to earn a living. Accordingly, Plaintiff seeks all general, special, incidental and consequential damages as shall be proven at trial.

38. Further, Plaintiff seeks pre-judgment interest at a rate commensurate with the actual rate of interest in the marketplace or, alternatively, the statutory rate of interest because of the delay in receiving the damages and to avoid unjust enrichment to Defendants. Plaintiff also seeks post-judgment interest at the maximum rate allowed by law in the event that Defendants do not promptly tender damages assessed against them and to avoid unjustly enriching Defendants.

## VII.
## PRAYER

WHEREFORE, premises considered, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff has judgment against Defendant for:

    a.    Permanent injunction enjoining Defendants, its agents, successors, employees, and those acting in consort with Defendants, from continuing to violate Plaintiff's civil rights.

    b.    All damages to which Plaintiff may be entitled pursuant to this Complaint, or any amendment(s) thereto, including but not limited to back pay, reinstatement, front pay, statutory relief at law, and equity;

    c.    Compensatory damages for pain and mental suffering;

d.  Reasonable attorney's fees, with conditional awards in the event of appeal;

e.  Pre-judgment interest at the highest rate permitted by law;

f.  Post-judgment interest from the judgment until paid at the highest rate permitted by law;

g.  Costs of court; and

h.  Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Complaint or by any amendment hereto.

Respectfully submitted,

/s/LaShawn A. Williams
LASHAWN A. WILLIAMS
BALDWIN JONES & WILLIAMS PLLC
2424 Southmore
Houston, Texas 77004
State Bar No. 00795721
Telephone: (713) 664-6800
Facsimile: (855) 280-0497
lwilliams@bjkwlaw.com

ATTORNEY FOR PLAINTIFF

# EXHIBIT "A"



U.S. Department of Justice
Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

CERTIFIED MAIL
7010 0290 0000 2017 1510

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson , EMP, PHB, Room 4239*
*Washington, DC 20530*

May 12, 2016

Ms. Ramona Daniels
c/o LaShawn A. Williams, Esquire
L.A. Williams Law Firm
440 Louisiana
Suite 900
Houston, TX  77002

Re:  EEOC Charge Against University of Texas, MD Anderson Cancer
     No. 31C201600080

Dear Ms. Daniels:

   Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

   If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

   The investigative file pertaining to your case is located in the EEOC San Antonio District Office, San Antonio, TX.

   This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

                                        Sincerely,

                                        Vanita Gupta
                                        Principal Deputy Assistant Attorney General
                                        Civil Rights Division

                                    by  *Karen L. Ferguson*
                                        Karen L. Ferguson
                                        Supervisory Civil Rights Analyst
                                        Employment Litigation Section

cc: San Antonio District Office, EEOC
    University of Texas, MD Anderson Cancer

# EXHIBIT "B"

| EEOC Form 5 (5/01) | | | |
|---|---|---|---|
| **CHARGE OF DISCRIMINATION**<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>[x] FEPA<br>[x] EEOC | Agency(ies) Charge No(s): | |

| Texas Workforce Commission Civil Rights Division | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.)<br>**Ramona Daniels** | Home Phone (Incl. Area Code)<br>210-445-7133 | Date of Birth<br>11-6-1982 |
|---|---|---|
| Street Address<br>**12623 Skyview Creek Court** | City, State and ZIP Code<br>**Houston, TX 77047** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>**University of Texas, MD Anderson Cancer Center** | No. Employees, Members<br>**15+** | Phone No. (Include Area Code)<br>**713-563-1770** |
|---|---|---|
| Street Address<br>**1515 Holcombe Blvd.** | City, State and ZIP Code<br>**Houston, TX 77030** | |
| Name | No. Employees, Members | Phone No. (Include Area Code) |
| Street Address | City, State and ZIP Code | |

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| [X] RACE  [X] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN<br>[ ] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] OTHER (Specify below.) | Earliest: 05/01/2015   Latest: 05/01/2015<br>[ ] CONTINUING ACTION |

THE PARTICULARS ARE:

**Original received:**

I. **PERSONAL HARM:** I was subjected to discharge because of my race (Black) and color (black). Other non-black employees violated the attendance policy and were not terminated, including Denene Evans (white/female). Respondent also stated that I failed to respond to its Notice of Intent to Terminate memorandum, which is not true.

II. **RESPONDENT'S REASON FOR ADVERSE ACTION:** I was advised by Penny Phillips (Clinical Administrative Director) that I violated attendance expectations.

III. **DISCRIMINATION STATEMENT:** I believe I have been discriminated against in violation of Texas Labor Code, Chapter 21, and Title VII of the Civil Rights Act of 1964, as amended because of my race and color.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | COMPLAINANT COMPLETES BELOW:<br>My name is _____, _____, _____, my date of birth is _____<br>(First) (Middle) (Last) (Date of Birth)<br>and my address is _____, _____, TX, _____<br>(Street) (City) (Zip) |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>9-29-15<br>Date<br>Charging Party Signature<br>*Ramona S Daniels* | _____ (Country). I declare under penalty of perjury that the foregoing is true and correct.<br>Executed in _____ County, State of Texas, on the _____ day of _____,<br>(County) (Day) (Month)<br>20____.<br>(Year) |

EXHIBIT B