United States District Court
Southern District of Texas
**ENTERED**
February 26, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RAMONA DANIELS, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | CIVIL ACTION NO. H-16-2473 |
| § | |
| UNIVERSITY OF TEXAS MD ANDERSON § | |
| CANCER CENTER, and PENNY PHILLIPS, § | |
| in her Individual and Official Capacities, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND RECOMMENDATION

Pending in this case that has been referred to the Magistrate Judge for all further pretrial proceedings is Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Document No. 24) in which Defendants seek dismissal of Plaintiff's claims based on: (1) Eleventh Amendment immunity; (2) Plaintiff's defective service; (3) Plaintiff's failure to properly assert a § 1981 claim through 42 U.S.C. § 1983; and (4) Plaintiff's failure to state a claim upon which relief may be granted. Having considered the motion, the response in opposition, the claims alleged in Plaintiff's Amended Complaint and in her Rule 7(a) Reply, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Defendants' Motion to Dismiss be GRANTED in PART.

I. **Background and Procedural History**

This is an employment discrimination case brought by Plaintiff Ramona Daniels ("Daniels") against her former employer, University of Texas MD Anderson Cancer Center ("MD Anderson") and Penny Phillips, who Daniels alleges was the "sole decision maker regarding [her] discharge."

Daniels, an African American female, alleges that she was terminated for violating MD Anderson's attendance policy when "non-Black similarly situated individuals" who also violated that attendance policy were not terminated. She has alleged race discrimination claims against MD Anderson and Phillips under § 1981, and a race discrimination and retaliation claim against MD Anderson under Title VII. Defendants seek dismissal of the § 1981 claims on immunity and pleading defect grounds, and dismissal of the entire lawsuit as against MD Anderson on service of process grounds.

**II.     Discussion – Claims against MD Anderson**

As against MD Anderson, Daniels has alleged a race discrimination claim under § 1981 and a race discrimination and retaliation claim under Title VII. As argued by Defendants, MD Anderson has Eleventh Amendment Immunity from the § 1981 claim.

The Eleventh Amendment generally bars all suits in federal court against an unconsenting state irrespective of the type of relief sought. *Laxey v. Louisiana Bd. of Trustees*, 22 F.3d 621, 623 (5th Cir. 1994) ("The Eleventh Amendment . . . bar[s] all suits in law or equity against an unconsenting state.") (citing *Cory v. White*, 457 U.S. 85, 90-91 (1982)). Because the Eleventh Amendment generally bars all suits in federal court against an unconsenting state, in order to maintain suit against a state in federal court, a state's Eleventh Amendment immunity must be waived by the state or abrogated by Congress. To abrogate the Eleventh Amendment immunity of a state, Congress must "unequivocally express[] its intent to abrogate the immunity," and must act "pursuant to a valid exercise of power." *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 55 (1996) (quoting *Green v. Mansour*, 474 U.S. 64, 68 (1985) (citations omitted)).

There has been no abrogation of a state's Eleventh Amendment immunity with respect to

claims under § 1981 and § 1983. *Pennhurst State Sch. & Hosp.*, 465 U.S. 89, 118-120 (Eleventh Amendment precludes a federal court from hearing state law pendent claims or § 1983 constitutional claims asserted against a state); *Sessions v. Rusk State Hospital*, 648 F.2d 1066, 1069 (5th Cir. 1981) (Eleventh Amendment bars claims against a state in federal court under 42 U.S.C. § 1981); *Aguilar v. Texas Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998) ("Section 1983 does not waive the states' sovereign immunity, *see Quern v. Jordan,* 440 U.S. 332, 338 n. 7, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979), and Texas has not consented to this suit. *See Emory v. Texas State Bd. of Med. Exam'rs,* 748 F.2d 1023, 1025 (5th Cir.1984)). As such, Eleventh Amendment immunity bars Plaintiff's § 1981 race discrimination claims against MD Anderson. *See Fite v. Univ. of Texas MD Anderson Cancer Ctr.*, Civil Action No. 12-cv-3739, 2013 WL 3338587 (S.D. Tex. July 2, 2013) (holding that MD Anderson, as a component institution of the University of Texas system, "enjoys the same sovereign immunity as the State of Texas itself").

As for Daniels' Title VII claims, the Supreme Court has determined that Eleventh Amendment immunity has been abrogated, *Fitzpatrick v. Bitzer*, 427 U.S. 445, 447 (1976) and Defendants do not seek dismissal of the Title VII claims on that basis. Instead, MD Anderson maintains that this entire case should be dismissed, along with the Title VII claims, because Daniels did not properly or timely serve it with process. Under FED. R. CIV. P. 4(m), "If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." "This 'good cause' under Rule 4(m) requires 'at least as much as would be required to show excusable neglect, as to which simple

3

inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *Gartin v. Par Pharm. Companies, Inc.*, 289 F. App'x 688, 692 (5th Cir. 2008) (quoting *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir.1995)). "In addition, courts normally require 'some showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified.'" *Id.*

This case was filed on August 11, 2016, but MD Anderson was not served until January 19, 2017. It is clear that MD Anderson was served outside that ninety day window. But, as argued by Daniels in response to Defendants' Motion to Dismiss, good cause exists for an extension of that 90 day deadline based on counsel's representations that she did not receive the first and second summonses that were issued, and that the third summons, which she did receive, was served on MD Anderson on January 19, 2017. Based on that finding of good cause, this case should not be dismissed pursuant to Rule 4(m). Consequently, Defendants' Motion to Dismiss should be GRANTED as to Daniels' claims against MD Anderson under § 1981, and DENIED as to Daniels' claims against MD Anderson under Title VII.

### III. Discussion – Claims against Phillips

As against Penny Phillips, Daniels has alleged a race discrimination claim under § 1981. The claim is alleged against her in both her individual and official capacities. Defendants seek dismissal of that claim on the basis that Daniels can only assert a race discrimination claim against Phillips if it is brought under 42 U.S.C. § 1983, and Daniels has not, to this date, alleged a claim under § 1983.

As an initial matter, Daniels' § 1981 claim against Phillips in her official capacity is construed as a claim against her employer – MD Anderson. *Will v. Michigan Dep't of State Police*,

491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 169, 166 (1985). That official capacity claim is likewise barred by Eleventh Amendment immunity because Daniels is not seeking any prospective injunctive relief. *Pennhurst*, 465 U.S. at 102-03 (The Eleventh Amendment does not bar federal claims for prospective injunctive relief against state officials sued in their official capacities); *Saltz v. Tennessee Dep't of Employment Sec.*, 976 F.2d 966, 968 (5th Cir. 1992) (For the sovereign immunity exception in *Ex parte Young* to apply, "a suit must be brought against individual persons in their official capacities as agents of the state and the relief sought must be declaratory or injunctive in nature and prospective in effect").

As for Daniels' § 1981 claim against Phillips in her individual capacity, Defendants are correct that such a claim can only be alleged through § 1983. *Oden v. Oktibbeha Cty., Miss.*, 246 F.3d 458, 462–63 (5th Cir. 2001) ("plaintiffs must assert a cause of action against state actors under § 1983 to remedy violations of civil rights under § 1981"). Defendants are also correct that no mention is made in Daniels' Amended Complaint of § 1983. While this is a clear pleading defect, it is not a defect that cannot be remedied through a further amendment. *Wilson v. Tangipahoa Pub. Sch. Bd.*, Civil Action No. 13-271, 2013 WL 3733471 *3 (E.D. La. July 15, 2013). Moreover, as argued by Daniels, dismissal of her claim should not be based on her mere failure to cite to § 1983. Daniels' § 1981 claim against Phillips in her individual capacity is therefore not subject to dismissal for not having been alleged through § 1983.

As for whether Daniels has stated a claim against Phillips under §§ 1981, 1983, Defendants argue that there is no contract or contractual relationship as between Daniels and Phillips and no allegations of Phillips' interference with a contractual relationship Daniels had with MD Anderson that could give rise to a claim under § 1981. Taking Phillips' allegations in both her Amended

Complaint and her Rule 7(a) Reply in a light most favorable to her, and having considered the Fifth Circuit's determination in *Fadeyi v. Planned Parenthood Ass'n of Lubbock, Inc.*, 160 F.3d 1048, 1050 (5th Cir. 1998) that § 1981 applies to "at will" employees, the Magistrate Judge concludes that Daniels has alleged a plausible §§ 1981, 1983 claim against Phillips in her individual capacity. Daniels' alleges she was terminated by Phillips and that Phillips treated her more harshly than "non-Black similarly situated individuals." This is enough to state a plausible claim against Phillips in her individual capacity. *See Thomas v. Link Staffing*, Civil Action No. 4:17-CV-3902, 2019 WL 486875 * 3-4 (S.D. Tex. Jan. 8, 2019) (discussing scope of individual liability under § 1981). Defendants' Motion to Dismiss should therefore be GRANTED on Daniels' § § 1981, 1983 claim against Penny Phillips in her official capacity, and DENIED on Daniels' §§ 1981, 1983 claim against Penny Phillips in her individual capacity.

## IV.     Conclusion and Recommendation

Based on the foregoing, and the conclusion that the Eleventh Amendment bars Daniels' § 1981 claims against MD Anderson and Phillips in her official capacity, but that Daniels has alleged a plausible § 1981 claim against Phillips in her individual capacity, the Magistrate Judge

RECOMMENDS that Defendants' Motion to Dismiss (Document No. 24) be GRANTED in PART and that Plaintiff's § 1981 race discrimination claim against Defendant University of Texas MD Anderson Cancer Center and against Defendant Penny Phillips in her official capacity be DISMISSED. The Magistrate Judge further

RECOMMENDS that Plaintiff be given fourteen days to file an Amended Complaint that properly alleges her § 1981 claim against Defendant Phillips as being brought pursuant to 42 U.S.C.

6

§ 1983.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140, 144-145 (1985); *Ware v. King*, 694 F.2d 89, 91 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 26th day of February, 2019.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE