IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAMONA DANIELS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-2473 |
| | § | |
| UNIVERSITY OF TEXAS MD ANDERSON CANCER CENTER, *et al*, | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

The Court has reviewed the Memorandum and Recommendation of the United States Magistrate Judge (Doc. No. 43) and Defendants' objections thereto (Doc. No. 44).[1] The Court having considered same *de novo* hereby adopts the Memorandum and Recommendation and grants in part the Defendants' Motion to Dismiss (Doc. No. 24) as to Defendant University of Texas MD Anderson Cancer Center and Penny Phillips in her official capacity, and denies in part the Defendants' Motion to Dismiss as to Penny Phillips in her individual capacity.

Defendants' objection to the Memorandum and Recommendation raises one issue: the Memorandum and Recommendation failed to discuss whether Defendant Penny Phillips ("Phillips") is entitled to qualified immunity. Although Defendants did not discuss their qualified immunity argument in their Motion to Dismiss, Defendants argued this point in their Motion for Rule 7 Reply (Doc. No. 25). Plaintiff responded to Defendants' Motion for Rule 7 Reply, arguing that Phillips was not entitled to qualified immunity based on certain facts laid out in the complaint, and additional facts (which Plaintiff provided in her Rule 7 Reply). (Doc. No. 33). This Court holds that at this stage, based on Plaintiff's well-pleaded complaint, Phillips is not entitled to

---

[1] Plaintiff did not file a response.

1

qualified immunity. As such, Plaintiff's case may proceed against Phillips in her individual capacity.

## I. Legal Standard

Claims against a public official in their individual capacity are subject to the defense of qualified immunity. *See, e.g., Foley v. Univ. of Houston Sys.*, 355 F.3d 333, 338 (5th Cir. 2003). In addressing a public official's claim to qualified immunity, courts apply the following test: first, the court must determine whether the plaintiff has made a sufficient showing that the official violated a clearly established constitutional or statutory right. *Id.* at 337. Next, if the answer to this question is in the affirmative, courts then ask whether the official's actions were objectively reasonable in light of the clearly established right. *Id.* Thus, "[t]he second prong of this task actually subdivides into two inquiries: (a) whether the allegedly violated rights were clearly established at the time of the incident and (b) whether the violators' conduct was objectively unreasonable in light of those rights." *Khan v. S. Univ. & Agric. & Mech. Coll. Bd. of Supervisors*, No. 03-30169, 2005 WL 1994301, at *3 (5th Cir. Aug. 19, 2005). At the motion to dismiss stage, "it is the defendant's conduct as alleged in the complaint that is scrutinized for 'objective legal reasonableness.'" *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002).

First, Plaintiff has satisfied the first-prong of the qualified immunity test. Plaintiff has pleaded that Phillips violated a "clearly established right"—the right to be free from retaliation at one's place of employment after complaining of racial discrimination by one's employer.[2] *See Foley*, 355 F.3d at 338; *see also Khan v. S. Univ. A&M Coll.*, No. Civ. A-00-0255, 2006 WL 845763, at *3, (W.D. La. Mar. 29, 2006) ("[Plaintiff] asserts claims pursuant to 42 U.S.C. § 1981

---

[2] Although Plaintiff did not cite § 1983 in the Complaint, the Court agrees with the Memorandum and Recommendation that "dismissal of her claim should not be based on here mere failure to cite to § 1983." (Doc. No. 43 at 6).

alleging that he was retaliated against by defendants because he openly opposed and complained about the unlawful race discrimination practices against [a fellow employee]."). The Fifth Circuit has held that "§ 1981 afford[s] a cause of action to an employee who suffered retaliation in response to . . . alleging racial discrimination." *Id.* at 339. The elements of this cause of action (and the elements for which Plaintiff must assert facts) include: (1) the plaintiff engaged in activities protected by § 1981; (2) an adverse employment action followed; (3) a causal connection between the two. *Id.* "Adverse employment actions are discharges, demotions, refusals to hire, refusals to promote, and reprimands." *Khan*, 2006 WL 845763, at *9.

For purposes of surviving a Motion to Dismiss, Plaintiff has pleaded facts for each of these elements of a §§ 1981, 1983 action by alleging the following:

- Phillips was the sole decision-maker regarding Plaintiff's discharge,

- Phillips denied Plaintiff a fair investigation of purported attendance violations because Phillips "refused to assist Plaintiff in securing parking information that would establish she had not violated the attendance policy" and "refused to acknowledge" witnesses' accounts of Plaintiff's presence during the times in which she was purportedly absent,

- Phillips denied Plaintiff "progressive discipline" where her personnel file was devoid of prior disciplinary action,

- Plaintiff filed a complaint with Phillips in reference to these instances alleging that she felt her race was a factor in the harsh treatment she received,

- Plaintiff was terminated by Phillips "in direct retaliation" for exercising her rights to seek company intervention when she reported the discrimination; therefore, Plaintiff claims that she was treated more harshly than non-Black similarly situated individuals.

(Doc. Nos. 22 at 3 ¶¶ 9–15, 33 at 2–3 ¶¶ 2, 3, 9). Plaintiff has pleaded facts that, if taken as true, satisfy element one; Plaintiff claims that she was engaged in activities protected by §§ 1981, 1983,

that is, filing a complaint about racial discrimination by her employer. Plaintiff has also pleaded facts satisfying element two; an adverse employment action followed this complaint. Plaintiff alleges that she was discharged "within days" of her complaint to Phillips. Finally, Plaintiff has pleaded facts indicating that there was a causal connection between these two events. According to Plaintiff, her personnel file was devoid of prior disciplinary action, she filed a complaint alleging racial discrimination with Phillips directly, and she was fired within "days of th[is] complaint." (Doc. No. 22 at 3).

Since Plaintiff has pleaded facts that Phillips violated a "clearly established right," the Court must also analyze the second-prong of the qualified immunity test. Regardless of these sufficiently-pleaded facts, Phillips may nonetheless be protected by qualified immunity unless an "objectively reasonable official in [her] position would have been aware that the specific allegations alleged . . . violated the statutory rights conferred by § 1981." *Foley*, 355 F.3d at 339–40. As the Fifth Circuit held in *Foley*, "an objectively reasonable public official . . . would have known that retaliating against a faculty member for exercising his legal right to [report] discrimination was prohibited by law." *Id.* Here, similar to the court's analysis in *Foley*, "[a]lthough the burden of proving [Plaintiff's] claim may be a difficult one to bear, the existence of" well-pleaded facts entitle Plaintiff's claims to survive Defendants' Motion to Dismiss. *Id.* Finally, "[s]ince all factual disputes must be resolved in favor of the plaintiff, the Court finds that no reasonable official could have believed that racially motivated discrimination in employment was proper at the time the alleged events took place." *Blackwell v. Laque*, 275 F. App'x 363, 367–68 (5th Cir. 2008).

**Conclusion**

Based on the foregoing, the Court adopts the Memorandum and Recommendation of the United States Magistrate Judge. It adds that based on the Plaintiff's Complaint and Rule 7(a) Reply, Defendant Phillips is not entitled to qualified immunity. Accordingly, Defendants' Motion to Dismiss (Doc. No. 24) is GRANTED in part and Plaintiff's § 1981 race discrimination claim against University of Texas MD Anderson Cancer Center and against Phillips in her official capacity are DISMISSED.

Plaintiff has fourteen days from the date of entry of this Order to file an amended Complaint that properly alleges her § 1981 claim against Phillips in her individual capacity as being brought pursuant to 42 U.S.C. § 1983.

Signed at Houston, Texas this 25th day of March, 2019.

Andrew S. Hanen
United States District Court Judge