United States District Court
Southern District of Texas
**ENTERED**
May 15, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAMONA DANIELS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-16-2473 |
| | § | |
| UNIVERSITY OF TEXAS MD ANDERSON | § | |
| CANCER CENTER, and PENNY PHILLIPS, | § | |
| in her Individual and Official Capacities, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending is Defendant Penny Phillips' Motion to Dismiss Plaintiff's Section 1981 Claim (Document No. 48), which was filed after Plaintiff failed to file an amended complaint to allege her § 1981 race discrimination claim by and through 42 U.S.C. § 1893. Plaintiff was advised to do so in the Order entered on March 25, 2019 (Document No. 46)[1] but has not, as of this date, filed an amended complaint. Plaintiff has, additionally, not filed a response to Defendant Phillips' Motion to Dismiss.

As set forth in the Memorandum and Recommendation entered on February 26, 2019 (Document No. 43), a § 1981 claim alleged against a public official in his individual capacity can only be alleged through § 1983. *Oden v. Oktibbeha Cty., Miss.*, 246 F.3d 458, 462–63 (5th Cir.

---

[1] That Order stated:

> Plaintiff has fourteen days from the date of entry of this Order to file an amended Complaint that properly alleges her § 1981 claim against Phillips in her individual capacity as being brought pursuant to 42 U.S.C. § 1983.

(Document No. 46 at 5).

2001) ("plaintiffs must assert a cause of action against state actors under § 1983 to remedy violations of civil rights under § 1981"); *Felton v. Polles*, 315 F.3d 470, 482 (5th Cir. 2002) ("requiring § 1981 claims against state actors to be pursued through § 1983 is not a mere pleading formality" and where plaintiff failed to "invoke the only remedy [§ 1983] available to him for the claimed deprivation of his § 1981 rights – he has essentially failed to state a claim."). In addition, as also set forth in the Memorandum and Recommendation, no mention is made in Plaintiff's current, live pleading, of § 1983. Because a § 1981 claim must be brought through § 1983 and because Plaintiff was advised of that and given a deadline to amend her pleadings to assert a claim under § 1983 and has not done so, the Magistrate Judge

RECOMMENDS that Defendant Phillips' Motion to Dismiss Plaintiff's Section 1981 Claim (Document No. 48) be GRANTED.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140, 144-145 (1985); *Ware v. King*, 694 F.2d 89, 91 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass*

*v. United Services Automobile Ass'n,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 14th day of May, 2019.

*[signature: Frances H. Stacy]*
FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE